**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VICTOR RAY JOHNSON,

      Petitioner-Appellant,

v.

JUSTIN JONES,

      Respondent-Appellee.

No. 12-6025
(D.C. No. 5:11-CV-01370-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After Victor Johnson pleaded guilty in Oklahoma state court to several drug-related charges and was sentenced to ten years in prison, he complained that the prosecution promised him a three year sentence. He unsuccessfully sought state post-conviction relief on this basis and eventually filed a federal habeas petition under 28 U.S.C. § 2254. The district court, however, dismissed Mr. Johnson's petition after determining it was untimely, *see* 28 U.S.C. § 2244(d)(1), and that none of the potential grounds for statutory or equitable tolling of the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

limitations period could save the petition. Seeking to appeal that dismissal, Mr. Johnson asked the district court for a certificate of appealability ("COA"), which the court denied. Now before this court, Mr. Johnson renews his request for a COA.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We see no way, however, in which reasonable jurists might debate the district court's analysis that Mr. Johnson's petition is time-barred. The one-year limitations period for filing a federal habeas petition began running when Mr. Johnson's conviction became final on March 16, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). He did not file this petition until November 17, 2011, well over a year and a half past the filing deadline. Mr. Johnson's state post-conviction petition did not toll any of this time because even that petition was not filed until many months past the end of the one-year period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Mr. Johnson objects that the limitations clock should not have started on the date of his conviction because, he says, he could not have discovered "the

factual predicate of the claim . . . through the exercise of due diligence" until some six months later. *See* 28 U.S.C. § 2244(d)(1)(D). He claims he could not have earlier discovered that his sentence was longer than the three year term (he says) he agreed to in his guilty plea because the higher sentence was reflected only in court documents that had been fabricated or altered after his sentence was imposed. The problem is that the Oklahoma court that dismissed his state post-conviction motion found this whole story incredible, and Mr. Johnson offers us no basis to question its factual finding. To the extent Mr. Johnson's petition can be construed to argue for some other basis for equitable tolling, the district court's conclusion that tolling is unavailable is unassailably correct.

Accordingly, Mr. Johnson's application for a COA is denied and this appeal is dismissed. The motion to proceed *in forma pauperis* is granted.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge